IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**
1156 15th Street NW, Suite 1020
Washington, DC  20005

        Plaintiff,

    v.

**OFFICE OF THE ATTORNEY GENERAL**
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530,

**OFFICE OF THE DEPUTY ATTORNEY GENERAL**
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530,

**EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530,

**NATIONAL SECURITY DIVISION**
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530,

and

**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, NW
Washington, DC 20530

       Defendants.

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Reporters Committee for Freedom of the Press ("Plaintiff," "Reporters Committee," or "RCFP"), by and through its undersigned counsel, hereby alleges as follows:

1.    Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief against the Office of the Attorney General ("OAG"), the Office of the Deputy Attorney General ("ODAG"), the Executive Office for United States Attorneys ("EOUSA"), the National Security Division ("NSD"), and the Department of Justice ("DOJ") (collectively, "Defendants").

2.    By this action, the Reporters Committee seeks to compel Defendants to comply with their obligations under FOIA to release records pertaining to the procurement of a warrant to search the home of Washington Post reporter Hannah Natanson.  The Reporters Committee is statutorily entitled to the disclosure of these records, and Defendants have improperly withheld them in violation of FOIA.

### Jurisdiction and Venue

3.    The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4.    Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

5.    Plaintiff Reporters Committee is an unincorporated nonprofit association dedicated to preserving the First Amendment's guarantee of a free press and

vindicating the rights of the news media and the public to access government records. The Reporters Committee is located in Washington, DC.

6. Defendant OAG is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks. OAG is a component of Defendant United States Department of Justice and is located at 950 Pennsylvania Avenue NW, Washington DC 20530.

7. Defendant ODAG is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks. ODAG is a component of Defendant United States Department of Justice and is located at 950 Pennsylvania Avenue NW, Washington DC 20530.

8. Defendant EOUSA is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks. EOUSA is a component of Defendant United States Department of Justice and is located at 950 Pennsylvania Avenue NW, Washington DC 20530.

9. Defendant NSD is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks. NSD is a component of Defendant United States Department of Justice and is located at 950 Pennsylvania Avenue NW, Washington DC 20530.

10. Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks. The DOJ's headquarters are located at 950 Pennsylvania Avenue NW, Washington DC 20530.

## Facts

11. On March 2, 2026, Plaintiff submitted FOIA requests to OAG, ODAG, EOUSA, and NSD (collectively, the "RCFP Requests").

### The OAG and ODAG Request

12. On March 2, 2026, Plaintiff submitted a FOIA request to OAG and ODAG via FOIA.gov (the "OAG and ODAG Request").[1] A true and correct copy of the OAG and ODAG Request is attached hereto as **Exhibit 1** and is incorporated by reference.

13. The OAG and ODAG Request sought:

1. The request for authorization of the Attorney General to apply for a warrant to search the premises, property, or communications records of Hannah Natanson, as required by 28 C.F.R. § 50.10(d)(1);

2. All records reflecting the Attorney General's analysis of the "considerations" of 28 C.F.R. § 50.10(c)(4) in determining whether to authorize a warrant to search the premises, property, or communications records of Hannah Natanson, as required by 28 C.F.R. § 50.10(d)(3);

3. The authorization of the Attorney General to apply for a warrant to search the premises, property, or communications records of Hannah Natanson, as required by 28 C.F.R. § 50.10(d)(1);

---

[1] Because the FOIA.gov portal does not allow members of the public to submit a request to multiple agencies at the same time, an identical copy of the OAG and ODAG Request was submitted twice— once to OAG and once to ODAG. The second submission (to ODAG) noted that it was an identical submission to the one made earlier that day to OAG.

4. All records memorializing or reflecting the substance of the telephone call involving Magistrate Judge William Porter and "[c]ounsel from the highest levels of the DOJ," as referenced on page 10 of the MEMORANDUM OPINION;

5. All EMAILS sent to or from the Attorney General between January 7 and January 15, 2026, that mention or refer to Hannah Natanson;

6. All EMAILS sent to or from the Deputy Attorney General between January 7 and January 15, 2026, that mention or refer to Hannah Natanson;

7. All ELECTRONIC MESSAGES sent to or from the Attorney General on January 13 and 14, 2026, that mention or refer to Hannah Natanson; and

8. All ELECTRONIC MESSAGES sent to or from the Deputy Attorney General on January 13 and 14, 2026, that mention or refer to Hannah Natanson.

Ex. 1.

14. The OAG and ODAG Request defined "MEMORANDUM OPINION" as "the Memorandum Opinion and Order, *In the Matter of the Search of the Real Property and Premises of Hannah Natanson*, No. 1:26-SW-0054 (WBP), 2026 WL 510727 (E.D. Va. Feb. 24, 2026)." Ex. 1.

15. The OAG and ODAG Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. 1.

16. On March 6, 2026, Plaintiff received via email a letter from the DOJ Office of Information Policy ("OIP") acknowledging receipt of the OAG and ODAG Request and assigning tracking number FOIA-2026-02027. A true and correct copy of the letter is attached hereto as **Exhibit 2**.

17. As of the date of the filing of this Complaint, it has been approximately

59 calendar days and 43 business days since Plaintiff submitted the OAG and ODAG Request.

18.   As of the date of the filing of this Complaint, Plaintiff has received no further communications from OIP regarding the OAG and ODAG Request.

<u>The EOUSA Request</u>

19.   On March 2, 2026, Plaintiff submitted a FOIA request to the EOUSA via FOIA.gov (the "EOUSA Request").  A true and correct copy of the EOUSA Request is attached hereto as **Exhibit 3** and is incorporated by reference.

20.   The EOUSA Request sought:

1.  The search warrant application and affidavit submitted to the United States District Court for the Eastern District of Virginia on the evening of January 12, 2026, "seeking information the government believed Ms. Natanson possesses[,]" as referenced on page 4 of the MEMORANDUM OPINION;

2.  All records constituting or reflecting Magistrate Judge William Porter's rejection of the search warrant submitted on January 12, 2026, along with any records consisting of or documenting Judge Porter's "concerns," as referenced on page 4 of the MEMORANDUM OPINION;

3.  The "proposed search warrant" submitted to the United States District Court Eastern District of Virginia "late in the afternoon of January 13, 2026," as referenced on page 4 of the MEMORANDUM OPINION;

4.  The "successive versions of the proposed warrant" presented to the United States District Court for the Eastern District of Virginia thereafter on January 13, 2026, as referenced on page 4 of the MEMORANDUM OPINION;

5.  All records memorializing or reflecting the substance of the telephone calls involving Magistrate Judge William Porter and KROMBERG, as referenced on pages 4 and 9–10 of the MEMORANDUM OPINION;

6.  The "multiple memos from the Department of Justice discussing the PPA," as referenced by KROMBERG in the TRANSCRIPT at 39:25–40:1;

6

7. The "memos" referenced by KROMBERG in the TRANSCRIPT at 41:9–12;

8. All EMAILS sent to or from KROMBERG between January 7 and January 15, 2026, that mention or refer to Hannah Natanson;

9. All EMAILS sent between KROMBERG and WBP_Chambers@vaed.uscourts.gov on January 13 and 14, 2026; and

10. All ELECTRONIC MESSAGES sent to or from Kromberg on January 13 and 14, 2026.

Ex. 3.

21.    The EOUSA Request defined "MEMORANDUM OPINION" as "the Memorandum Opinion and Order, *In the Matter of the Search of the Real Property and Premises of Hannah Natanson*, No. 1:26-SW-0054 (WBP), 2026 WL 510727 (E.D. Va. Feb. 24, 2026)," and attached a copy of the referenced opinion. Ex. 3.

22.    The EOUSA Request further defined "TRANSCRIPT" as the "transcript of proceedings on February 20th, 2026, in *In the Matter of the Search of the Real Property and Premises of Hannah Natanson*, 26-sw-0054 (EDVA Feb. 24, 2026)," and attached a copy of the referenced transcript. Ex. 3.

23.    The EOUSA Request further defined "KROMBERG" as Assistant United States Attorney Gordon D. Kromberg. Ex. 3.

24.    The EOUSA Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. 3.

25.    On March 2, 2026, Plaintiff received an email from the EOUSA acknowledging receipt of the EOUSA Request and assigning tracking number

7

EOUSA-2026-002437.  A true and correct copy of the email is attached hereto as **Exhibit** 4.

26.    On March 3, 2026, Plaintiff received via email a letter from the EOUSA stating that the EOUSA Request fell within "unusual circumstances" and extending the time limit to respond beyond the additional ten days provided by statute.  A true and correct copy of the letter is attached hereto as **Exhibit 5**.

27.    As of the date of the filing of this Complaint, it has been approximately 59 calendar days and 43 business days since Plaintiff submitted the EOUSA Request.

28.    As of the date of the filing of this Complaint, Plaintiff has received no further communications from EOUSA regarding the EOUSA Request.

The NSD Request

29.    On March 2, 2026, Plaintiff submitted a FOIA request to the NSD via FOIA.gov (the "NSD Request").  A true and correct copy of the NSD Request is attached hereto as **Exhibit 6** and is incorporated by reference.

30.    The NSD Request sought:

> 1.  All EMAILS sent to or from the Principal Deputy Assistant Attorney General of the National Security Division between January 7 and January 15, 2026, that mention or refer to Hannah Natanson;
>
> 2.  All records constituting or reflecting Magistrate Judge William Porter's rejection of the search warrant submitted on January 12, 2026, along with any records consisting of or documenting Judge Porter's "concerns," as referenced on page 4 of the MEMORANDUM OPINION; and
>
> 3.  All records memorializing or reflecting the substance of the telephone call involving Magistrate Judge William Porter and "[c]ounsel from the highest levels of the DOJ," as referenced on page 10 of the MEMORANDUM OPINION.

8

Ex. 6.

31.    The NSD Request defined "MEMORANDUM OPINION" as "the Memorandum Opinion and Order, *In the Matter of the Search of the Real Property and Premises of Hannah Natanson*, No. 1:26-SW-0054 (WBP), 2026 WL 510727 (E.D. Va. Feb. 24, 2026)." Ex. 6.

32.    The NSD Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. 6.

33.    On March 5, 2026, Plaintiff received via email a letter from the NSD acknowledging receipt of the NSD Request and assigning tracking number 26-148. A true and correct copy of the letter is attached hereto as **Exhibit 7**.

34.    As of the date of the filing of this Complaint, it has been approximately 59 calendar days and 43 business days since Plaintiff submitted the NSD Request.

35.    As of the date of the filing of this Complaint, Plaintiff has received no further communications from NSD regarding the NSD Request.

<u>CAUSES OF ACTION</u>

**COUNT I**
**Violation of FOIA for Failure to Comply with Statutory Deadlines**

1.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

2.    Defendants are agencies subject to FOIA.

3.    By the RCFP Requests, Plaintiff properly requested records within the possession, custody or control of Defendants.

4.    Defendants failed to make determinations with respect to the RCFP Requests within the timeframe required by FOIA.  5 U.S.C. § 552(a)(6)(A).

5.    Defendants' failure to provide determinations with respect to the RCFP Requests within the statutorily required timeframe are violations of FOIA.

6.    Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the RCFP Requests.  5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

**COUNT II**
**Violation of FOIA for Wrongful Withholding of Agency Records**

7.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

8.    Defendants are agencies subject to FOIA.

9.    By the RCFP Requests, Plaintiff properly requested records within the possession, custody or control of the Defendants.

10.    The RCFP Requests complied with all applicable regulations regarding the submission of FOIA requests.

11.    Defendants have not released any records or portions thereof in response to the RCFP Requests.

12.    Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the RCFP Requests.

13.    Defendants have not identified whether or how release of the records sought by the RCFP Requests would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

14. Defendants have improperly withheld records responsive to the RCFP Requests in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

## Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Issue a declaration that Defendants' failure to provide a determination with respect to the RCFP Requests within the required statutory deadline is a violation of FOIA;

(2)     Order Defendants to complete their search for records responsive to the RCFP Requests, and to issue determinations with respect to the RCFP Requests;

(3)     Order Defendants to release all non-exempt records or portions thereof responsive to the RCFP Requests;

(4)     Issue a declaration that RCFP is entitled to disclosure of the records responsive to the RCFP Requests;

(5)     Enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the RCFP Requests;

(6)     Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(7)     Grant such other relief as the Court may deem just and proper.

Dated:  April 30, 2026

Respectfully submitted,


*/s/Adam A. Marshall*
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM
THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiff*

12